IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
 )
 Plaintiff, )
 )
v. ) No.  07-10011-01-WEB
 )
PRUDENCIO CHAVEZ-QUINTANA, )
 )
 Defendant. )
 )

### Memorandum and Order

This matter came before the court on July 13, 2007, for a hearing on pending motions.  The court made oral rulings on the motions in the course of the July 13 hearing.  This written memorandum will supplement the court's oral rulings.

I.  *Defendant's Motion to Dismiss – Statute of Limitations*.

The defendant argues that Counts 5 through 8 are barred by the five-year statute of limitations because the Second Superseding Indictment was not filed until May 30, 2007, more than five years after the alleged offenses.  He argues the counts do not relate back to the date of the First Superseding Indictment (which was filed within the 5-year period), because a superseding indictment does not relate back if it "broadens or substantially amends the previous charge," and he contends the charges were substantially amended from the prior indictment.

In response, the Government concedes that Counts 5, 6 and 8 are barred by the statute, but it argues Count 7 relates back to the First Superseding Indictment and is not barred.

For limitations purposes, a superseding indictment relates back to the date of the original indictment if the superseding indictment "does not broaden or substantially amend the original

charges." *United States v. Qayyum*, 451 F.3d 1214 (10th Cir. 2006).  Superseding indictments have been deemed timely where they simply add detail to the original charges, where they narrow rather than broaden the charge, or where they otherwise contain amendments as to form but not substance. *United States v. Zvi*, 168 F.3d 49, 54 (2d Cir.1999).

The court finds Count 7 is not barred by the statute of limitations.  In each of the two superseding indictments, Count 7 charges the defendant with violating Section 1546(a) in connection with his use of a social security card at Whitewing Construction.  Count 7 originally charged the offense was committed "between about April 2002 and about October 2006." It now alleges that the offense was committed on "March 28, 2002."  Because the specific date of "March 28, 2002" could be found to satisfy the original allegation that the offense was committed "about April 2002", the court concludes the Second Superseding Indictment has not "broadened or substantially amended" the charge within the meaning of *Qayyum*, and it therefore relates back to the date of the First Superseding Indictment filed within the five year period allowed by 18 U.S.C. § 3282. Accordingly, the court grants the motion to dismiss Counts 5, 6 and 8 of the Second Superseding Indictment, but denies the motion to dismiss count 7.

II.  *Defendant's Motion to Dismiss – Multiplicity.*

Defendant next argues that Counts 1 and 3 are multiplicitous because Count 3 is a lesser included offense of Count 1.  Defendant argues the court should dismiss Count 1 or Count 3.  In response, the Government argues that Counts 1 and 3 each require proof of different facts and are therefore not multiplicitous.

Courts ordinarily employ the *Blockburger* test to determine whether separate statutory provisions charge distinct offenses.  *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Under that test, two provisions will not be considered as charging the same offense if each provision requires proof of a fact the other does not. *See United States v. Swingler*, 758 F.2d 477, 491 (10th Cir. 1985). *See also United States v. Hassoun*, 476 F.3d 1181, 1186-87 (11th Cir. 2007). The court finds that Counts 1 and 3, which are charged under separate statutory provisions, each require proof of a fact that the other does not. Count 1 requires proof that the document was "prescribed by statute or regulation as evidence of authorized stay or employment in the United States." *See* 18 U.S.C. § 1546(a). Count 3 does not require such proof. Count 3 requires proof that the card was produced "without lawful authority." 18 U.S.C. § 1028(a)(6). Count 1 does not require proof of that fact. The offenses are thus distinct, and are not multiplicitous. Defendant's motion is therefore denied.

   III.  *Defendant's Motion in Limine - Rule 404(b) Evidence*.

Defendant next moves in limine to exclude any Rule 404(b) evidence from the trial. In response, the Government says it has provided the defendant with pre-trial notice of its intent to use Rule 404(b) evidence.

The court finds the notice provided by the Government is sufficient at this point. The defendant can reassert his motion at trial if necessary.

   IV.  *Defendant's Motion to Suppress*.

Defendant's final motion seeks a hearing under *Jackson v. Denno* to determine the voluntariness of a statement allegedly given by the defendant at the Social Security Administration offices on November 1, 2006. Defendant contends it is the Government's burden to prove any such statements were voluntary, and he seeks an order suppressing those statements.

The evidence presented at the suppression hearing showed that on November 1, 2006, Raena Miller was working as a Service Representative at a local service center of the Social Security

Administration. As a Service Representative, Miller helps people with items such as applications for Social Security cards or benefits. The office has two security guards stationed up front, and when members of the public enter the office they are asked by security guards whether they have any knives, guns or other weapons. After going by security, people take a number and wait until the number is called by a Service Representative at one of the open windows or booths. These windows are about 25 feet or so from the security guards. The defendant Prudencio Chavez-Quintana came into the Social Security office on November 1, 2006. After going through the initial security point and obtaining a number, Chavez and two other individuals – apparently friends of Mr. Chavez – approached Miller's window for assistance. According to Ms. Miller's testimony, Mr. Chavez spoke enough basic English to communicate and understand Ms. Miller, but the other two individuals with him did not, so Mr. Chavez acted as a translator of sorts. Mr. Chavez informed Ms. Miller that he wanted to apply for a Social Security card. Ms. Miller asked whether he had a Social Security card already; he indicated he did not. Ms. Miller then gathered from the defendant the information necessary to complete an application for such a card, including the defendant's birth certificate. Mr. Chavez then signed a form containing the information Ms. Miller had placed in the form. After the application was complete and Mr. Chavez was ready to leave, he handed Ms. Miller what appeared to be a Social Security card in his name. He said he used to work under the number on that card and wanted to know if she could transfer his earnings from that number to the new one. Ms. Miller expressed surprise because she had understood him to say initially that he did not have a Social Security number. Ms. Miller checked the number on the card from the defendant and found it was assigned to someone else. Ms. Miller made copies of the various documents provided by the defendant. She told the defendant he was not supposed to have two different Social Security

numbers, and that she would have to keep the card he had given her. The defendant said okay and left the Social Security office.

Defendant argues that Ms. Miller was an agent of law enforcement and that when she took the defendant's cards, he was essentially in custody. He argues the encounter was custodial and that his statements were either improperly coerced or must be suppressed because they were made without the benefit of required *Miranda* warnings.

In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), the Supreme Court held the prosecution may not use statements from a custodial interrogation of the defendant unless it shows that procedural safeguards were used to protect the privilege against self-incrimination. There are two requirements that trigger *Miranda*'s requirements: (1) the suspect must be in "custody," and (2) the questioning must meet the legal definition of "interrogation." *United States v. Ritchie*, 35 F.3d 1477, 1484 (10th Cir.1994). A person is "in custody" for the purposes of *Miranda* if he "has been deprived of his freedom of action in any significant way," or if his freedom of action has been curtailed to a "degree associated with a formal arrest."

The evidence here shows the defendant was not in custody at the time of any incriminating statements to Ms. Miller. The defendant voluntarily came to the Social Security office, which was open to the public, in order to obtain a Social Security card. Although he had to pass through security to speak to Ms. Miller, his freedom of action was not curtailed in any significant way, and neither the guards nor Ms. Miller engaged in any show authority that would give a reasonable person cause to believe they were not free to end the encounter and walk away. The encounter was entirely consensual, brief, and unaccompanied by any governmental action to deprive the defendant of his freedom in any significant way. *Cf. Berkemer v. McCarty*, 468 U.S. 420 (1984) (persons detained

pursuant to ordinary traffic stops are not "in custody" for purposes of Miranda). Defendant notes that Ms. Miller took and made copies of his documents, but the documents were voluntarily produced by the defendant for the purpose of obtaining a social security card. He also points out that Ms. Miller retained his old social security card, but that fact does not provide any basis for suppression. As an initial matter, there was no evidence that defendant made any incriminating statements to Ms. Miller after she informed him that she would have to keep his old card. Moreover, the mere retention of the old social security card did not constitute a detention. The retention of such a document under these circumstances would not be regarded by a reasonable person as any indication he was not free to leave. Nor would it be an effective restraint upon the person's freedom of movement, in contrast to the seizure of documents such as a driver's license or airline ticket. The evidence shows that the defendant felt free to leave at any time – and in fact promptly did so – despite Ms. Miller's retention of the card. The court concludes the defendant was not in custody for purposes of *Miranda*.

Even when a defendant's *Miranda* rights are not violated, the court must conduct a Fifth Amendment inquiry into the voluntariness of any statements. "The essence of voluntariness is whether the government obtained the statements by physical or psychological coercion such that the defendant's will was overborne." *United States v. Carrizales-Toledo*, 454 F.3d 1142, 1153 (10th Cir. 2006). Coercive police activity is a necessary predicate to a finding that a confession is not voluntary within the meaning of the due process clause. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986). Relevant factors in determining voluntariness include: (1) the defendant's age, intelligence, and education; (2) the length of the detention and interrogation; (3) the length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5)

whether the defendant was subjected to or threatened with any physical punishment. *Carrizales-Toledo*, 454 F.3d at 1153.

Based on the evidence presented, the court finds the statements by the defendant were voluntary, and were not the product of coercion by law enforcement. The defendant was not in custody at the time he made statements to Ms. Miller. The evidence shows the defendant made the statements of his own free will, and there is no showing that his decision to make these statements was in any way a product of coercion or other improper tactics. Defendant's Motion to Suppress the Statements is therefore denied.

V. *Conclusion*.

Defendant's Motion to Dismiss Based on Statute of Limitations (Doc. 28) is GRANTED as to Counts 5, 6, and 8; the motion is DENIED as to Count 7;

Defendant's Motion to Dismiss on Multiplicity Grounds (Doc. 29) is DENIED;

Defendant's Motion in Limine to Exclude Evidence of other Crimes, Wrongs or Acts (Doc. 30) is DENIED; and

Defendant's Motion to Suppress Involuntary Statements (Doc. 31) is DENIED.

IT IS SO ORDERED this __19th__ Day of July, 2007, at Wichita, Ks.

> s/Wesley E. Brown
> Wesley E. Brown
> U.S. Senior District Judge