IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v.  ) | No.  07-10011-01-WEB |
|  ) | |
| PRUDENCIO CHAVEZ-QUINTANA, ) | |
|  ) | |
| Defendant. ) | |
|  ) | |

**Memorandum and Order**

This matter came before the court on October 23, 2007, for sentencing.  In the course of the sentencing hearing, the court orally denied the Government's Motion for an Upward Departure or Variance.  This written memorandum will supplement the court's oral rulings at the October 23 hearing.

I.  *Defendant's Motion for Judgment of Acquittal or for New Trial*.

Before taking up sentencing at the October 23 hearing, the court orally denied the defendant's pending motion for judgment of acquittal or for new trial, which was filed shortly after the jury returned its verdict.  The defendant's motion did not contain any arguments in support, but stated that it was based upon the record and file in the case.   Assuming the defendant intended to reiterate the same arguments made in his original motion for judgment of acquittal, the court concludes that the motion should be denied.  Defendant's initial motion for judgment of acquittal argued, among other things, that  the Government was obligated to prove under § 1028A that the defendant knew the identification he was using belonged to another person.  Although the court recognized there was some authority for defendant's position, it

found the better view to be that such knowledge was not required.  *See United States v. Montejo*, 442 F.3d 213 (4th Cir. 2006).  Defendant also argued that a social security card was not evidence that a person was authorized to be employed in the United States (§ 1546(a)) , but the court found this argument to be contrary to 8 U.S.C. § 1324a(b), which expressly includes social security cards among the documents constituting evidence of authorized employment.  Defendant also argued that a social security card did not constitute a "means of identification" for purposes of § 1028(a)(6) because it was not commonly accepted for the purpose of identification, but the jury could properly infer otherwise from the evidence at trial.  *See also* 18 U.S.C. § 1028(d)(7) (means of identification includes social security number).  The court has reviewed these and the other arguments previously made by defendant, but it finds no grounds for a judgment of acquittal or for new trial.  The defendant has not demonstrated any error in the trial proceedings, and the evidence presented by the Government was sufficient to support the jury's verdict.  *Cf.* Fed.R.Crim.P. 33 (new trial may be granted if the interest of justice so requires).

    II.  *Sentencing*.

No objections have been filed to the Presentence Report, but the Government has filed a motion for an upward departure or variance.  The Government argues the advisory guideline range fails to "reflect the nature, duration and seriousness of the defendant's criminal conduct," both as to the counts of conviction and what the Government says are "the related multiple uncharged felony crimes committed by the defendant during the 28 years he has illegally been in the United States."   The Government asks the court either to: 1) run two of the § 1028A counts consecutively (for a 48-month sentence), or 2) run all of the § 1028A counts concurrently but

depart upward on the remaining counts to a sentence of 12 months (a total sentence of 36 months). The Government argues this second option is preferable, because it ensures that the defendant's conviction counts as an "aggravated felony" and would subject him to greater punishment if he ever tried to unlawfully return to the U.S.

As an initial matter – and as the defendant accurately points out – USSG 5G1.2 as applied here weighs in favor of running all of the § 1028A concurrently. The underlying offenses in this case do not involve violence or terrorism, and they are closely related counts that are properly grouped together. And although the court agrees with the Government's assertion that use of another person's identification is a serious matter, the court concludes that a 2-year sentence is sufficient on the § 1028A counts to achieve the purposes of sentencing, including the need to reflect the seriousness of the offense, promote respect for the law, provide adequate deterrence, and protect the public from further crimes of the defendant. *See* USSG 5G1.2, comment., n. 2(B).

The court further concludes there are no grounds for a departure in this case. The Criminal History Category of I accurately reflects the fact that the defendant has no prior criminal history at all. Although the court is authorized to depart when a defendant's category "substantially under-represents the seriousness" of his actual criminal history, the court is not persuaded that such is the case here. Even assuming the Government is correct that the defendant may have engaged in similar instances of using false identification to work in the past – which is somewhat speculative – the Government has not shown that his conduct resulted in increased harm sufficient to warrant a departure from the guideline range. After considering the circumstances, the court concludes that a sentence based on a Criminal History Category of I

adequately reflects the defendant's conduct.

The court likewise finds that a "variance" should not be imposed. Under the factors in Section 3553, a total punishment of 25 months will achieve the purposes of sentencing. Such a sentence will reflect the seriousness of the defendant's conduct and provide adequate deterrence. The court notes that 25 months is a significant sentence, particularly for an individual with no documented criminal history and who committed the offense for the purpose of obtaining employment. The court concludes that a sentence within the advisory guideline range is appropriate in this case. Accordingly, the motion for departure or for variance will be denied.

III. *Conclusion*.

Defendant's Motion for Judgment of Acquittal or for New Trial (Doc. 48) is DENIED. The Government's Motion for Upward Departure or Variance (Doc. 53) is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this 24th Day of October, 2007, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge